(No. 5415- ▮▮▮▮▮▮▮▮▮▮▮▮

LAWRENCE GOLDRING, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 27, 1971.*

GREENBERG, JANSSEN AND BECKER, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

This is a claim for damage to claimant's property caused by an inmate who had escaped from respondent's mental institution, Peoria State Hospital.

Following the hearing on this matter which was held in Peoria on October 30, 1967, and an investigation conducted by respondent, the latter filed a stipulation stating that the facts as set out in claimant's brief, filed June 14, 1968, are a fair and true representation of the facts developed by the evidence.

The facts stated in claimant's brief, which respondent has admitted, may be summarized as follows: at 10:35 a.m. on March 16, 1967, one Arnold Eugene Hoff, a mental patient and inmate at Peoria State Hospital, came to the used car lot owned and operated by the claimant in Bartonville. The said inmate, who talked only with his hands, by gestures indicated to claimant's lot boy, one Oran

Brokaw, that he wanted the lot boy to start a 1959 Chevrolet automobile parked in the front row of cars facing the street. Patient made the lot boy understand by gestures that he merely wanted to "hear" the car's motor run. The lot boy complied with the patient's request but did not give him permission to drive the car. The patient got into the car; raced the motor a couple of times; put the car in gear; backed up a little bit and then took off forward across the sidewalk, across the curb and down the street weaving. Five blocks north of the lot from which the patient had taken the car, without claimant's consent, he crashed the vehicle into Bartonville's World War II Memorial Monument. The car was totally wrecked and claimant's resultant financial loss was $500.00.

Records of the Peoria State Hospital indicate that its patient, Arnold Eugene Hoff, was issued a ground pass which made it possible for him to escape from the institution. The same records show that Hoff had escaped on prior occasions and each time had wrongfully converted other automobiles to his own use and caused them to be damaged.

Claimant's conclusion, which respondent tacitly concedes by its stipulation, is that respondent's institution was negligent in issuing a grounds pass to this particular patient, in the light of his record, and that such negligence was the direct or proximate cause of claimant's loss.

Respondent stated that its stipulation and recommendation were made in accordance with Ch. 23, Sec. 4041, Ill.Rev.Stat., 1969, which reads as follows:

§ 4041. Claims

Whenever a claim is filed with the Department of Mental Health, the Department of Children and Family Services, the Department of Public Safety, the Youth Commission or the Department of Youth, as the case may be, for damages resulting from personal injuries or damages to property, or both, or for

damages resulting from property being stolen, heretofore or hereafter caused by an inmate who has escaped from a charitable, penal, reformatory or other institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Mental Health, the Department of Children and Family Services, the Department of Public Safety, the Youth Commission or the Department of Youth, as the case may be, shall conduct an investigation to determine the cause, nature and extent of the damages and if it be found after investigation that the damage was caused by one who had been an inmate of such institution and had escaped, the Department or Commission may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims.

Since the Court also finds that the facts give no indication of contributory negligence on the part of the claimant, he is entitled to recover the amount of his loss.

Claimant is hereby awarded the sum of $500.00.